## LUSTGARTEN et al. v. FELT & TARRANT MFG. CO. et al.

### No. 6402.

Circuit Court of Appeals, Third Circuit.

Sept. 27, 1937.

Freedman & Freedman, of Jersey City, N. J. (Benjamin Freedman, of Jersey City, N. J., of counsel), for appellants.

Waugh & McClellan, of Chicago, Ill., (Wm. F. Waugh, of Chicago, Ill., of counsel), for appellees.

Before THOMPSON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

The appellee, Felt & Tarrant Manufacturing Company, in the summer of 1929, was, and still is, manufacturing and selling calculating machines under the trade-mark "Comptometer." In connection therewith, and as an aid to its commercial enterprise, this appellee established and licensed numerous schools wherein students were instructed in the correct use of the calculating machines. One of these schools had been established and licensed in the Concourse building in Jersey City, N. J., with the other appellee, Hugo S. Phillipson, in charge thereof. By a bill of complaint filed in the District Court of the United States for the District of New Jersey the appellees alleged that the appellants, in order to trade upon the name and good will of the Felt & Tarrant Manufacturing Company and this established school, added the name "School of Comptometry" to the name "Jersey City Preparatory School" under which the appellants had been conducting a commercial school, and leased the floor of the Concourse building immediately below the school which Phillipson was conducting for the Felt & Tarrant Manufacturing Company under the name "Comptometer School." The bill of complaint further alleged that misleading signs were put by the appellants upon the hallways and across the ways of ingress to the school conducted by Phillipson to the end that the public and those seeking instruction might be led to believe that the appellants' school was in fact the school conducted by Phillipson for the Felt & Tarrant Manufacturing Company.

No answer was filed to this bill of complaint. On the contrary, upon December 8, 1931, a final decree was entered by the court upon the consent of the parties. Since the questions in controversy here turn in a large part upon the interpretation of the terms of this decree, it is set out in full:

"First: That Felt & Tarrant Manufacturing Company, a corporation of Illinois, and Hugo S. Phillipson, a resident of New York, are entitled to the relief prayed in the bill of complaint in the above-entitled cause.

"Second: That a perpetual injunction issue out of and under the seal of this Court directed to these defendants and each of them, their officers, agents, attorneys, clerks, servants, workmen, and employees enjoining and restraining them, and each of them, from using or employing the name 'School of Comptometry' as title for or in connection with the conduct and management and/or advertisement of the school heretofore operated by defendants and/or either of them, and any school which they and/or either of them may hereafter operate or control; and from employing the word 'Comptometer' or the word 'Comptometry' in the name or title of any school now owned or controlled, or which may hereafter be owned or controlled by them, or either of them; and from in any way asserting or implying, directly or indirectly, that any school now owned or controlled by these defendants and/or either of them is or is connected with the Comptometer School of plaintiffs; and enjoining and restraining them, and each of them, from representing, either directly or indirectly, in any manner whatsoever that they are connected with or identified with the Comptometer School of plaintiffs; and enjoining and restraining them, and each of them, from confusing, directly or indirectly, calculating machines of other manufacturers with the calculating machine manufactured by the plaintiff, Felt & Tarrant Manufacturing Company, and identified by the trade-mark 'Comptometer,' in the teaching of the operation of calculating and adding machines."

Following this final decree, upon January 23, 1932, a decree of perpetual injunction was entered by the court, which, in its injunctive provisions, followed in identical terms the decree of December 8, 1931.

What immediately followed is not entirely clear from the record, but upon December 1, 1936, the appellees filed a petition in the case alleging that the appellants had violated the terms of the perpetual injunction by a catalogue offering instruction in "Comptometry" and by a sign affixed to the building in which the appellants' school is located advertising instruction in comptometry. The petition further alleges that the appellants confuse calculating machines of other manufacturers with the calculating machine manufactured and sold by the Felt & Tarrant Manufacturing Company and that by offering and continuing to offer instruction in comptometry in the teaching and operation of calculating machines.

There are no basic facts in dispute. The dispute is rather in the interpretation of the facts in the light of the final decree

of December 8, 1931, and the perpetual injunction based thereon. The final decree made by consent of the parties cannot now be altered in the absence of fraud, Thompson v. Maxwell, 95 U.S. 391, 398, 24 L.Ed. 481, and no fraud is alleged. The facts of the case appear from the affidavits in support of the petition and those in opposition to it. Those facts are as follows:

After the entering of the perpetual injunction, and in response to it, the appellants moved their school to a new location over a quarter of a mile distant from the school licensed by the Felt & Tarrant Manufacturing Company and operated by the appellee Phillipson, and in addition thereto changed the name of the commercial division of their school, first to "Institute of Business" and then to "Webster Institute of Business." They further refrained from using the word "Comptometry" in connection with the title of their school. That part of the catalogue issued by the appellants, dealing specifically with the course relating to the science of calculation, stated: "In addition, this course includes thorough training in the theory and operation of the comptometer and calculator." Upon the same page of the catalogue under the subjects listed for second term study reference is made to "Comptometry and Calculating." Under the title "Comptometry course," the appellants state through their catalogue that "This course is designed to train the student in the theory and practice of both the Comptometer (Felt & Tarrant) and the Calculator (Burroughs)." Upon page 5 of the catalogue reference is made to the subjects listed for third term study among which again appear "Comptometry and Calculating." Upon page 7 reference is again made to a "Comptometry Course," and on page 9 of the catalogue the description of the course is headed "Comptometry and Calculating," and that description states: "This course includes theory and practice in the operation of the Felt & Tarrant Comptometer and the Burroughs Calculator." The affidavit of the appellant, Lustgarten, states that his school possesses a comptometer which he acquired by legitimate purchase, that this comptometer is copper-colored, as are all comptometers manufactured by the Felt & Tarrant Manufacturing Company, and that the Calculators of the Burroughs Company are black. The statements contained in the last sentence are in fact controverted by

the petition and affidavits of the appellees, but we take them to be true.

Upon these facts, the learned District Judge made the following findings and order:

"1. That the word 'Comptometry' is the natural derivative of the coined word 'Comptometer' which is the registered trade-mark of the plaintiff, Felt & Tarrant Mfg. Co.

"2. That the word 'Comptometry' has acquired a secondary meaning and describes the method or science of operating a 'Comptometer'.

"3. That the plaintiff, Felt & Tarrant Mfg. Co., is entitled to the exclusive use of the word 'Comptometry' in connection with the advertising and teaching of the operation of 'Comptometers'.

"4. That the use of 'Comptometry' by others than those teaching the use of the 'Comptometer' is misleading to the public.

"5. That respondents have no right to use the word 'Comptometry' in advertising that they teach the operation of mechanical calculating machines.

"6. That respondents are in contempt of Court, in that they have violated said injunction of December 8, 1931, by using the word 'Comptometry' on a sign used to advertise a course of instruction taught in their school, and also in the use of the word 'Comptometry' in their catalogue describing a course of instruction in the use and operation of mechanical calculating machines.

"Now, Therefore, it is hereby ordered, adjudged and decreed that respondents have violated the injunction of December 8, 1931, by using the word 'Comptometry' on a sign used to advertise a course of instruction taught in their school, and also in the use of the word 'Comptometry' in their catalogues describing a course of instruction in the use and operation of mechanical calculating machines and are in contempt of Court, and it is further ordered that they shall forthwith remove the word 'Comptometry' from any and all signs used in connection with their school and remove said word 'Comptometry' from their catalogues and any other matter in which they advertise the teaching of the use and operation of mechanical calculating machines."

The contentions of the appellants are as follows: First, that they have exactly fulfilled the duties laid upon them by the

perpetual injunction in that they removed from the premises occupied by them in the Concourse building and changed the offending title of the commercial division of their school; second, that they have a legal right to use the comptometer purchased by them to teach the science of calculation by machine and that their instruction in this behalf is the same whether given on the Felt & Tarrant comptometer or on the Burroughs calculators; third, that no confusion can exist by reason of the plain language of their catalogue distinguishing between the use of the Felt & Tarrant comptometer and the Burroughs calculators and the different colors of the machines; fourth, that the sign referred to by the appellees states "Prepare for College or Business Comptometry Stenography Accounting," which courses they are legally entitled to teach; fifth, that the appellees have stood by for years while the appellants built up a valuable good will in the business of teaching comptometry and calculation and now suddenly move to destroy that good will; last, that in view of the foregoing, no issue of unfair competition, deceit, or misleading of the public is involved herein.

The appellants assert that the findings of the District Judge and his adjudication of their contempt enlarges the scope of the perpetual injunction in a manner unwarranted by law and imposes a burden upon them which they in nowise bargained for by their consent to the final decree of December 8, 1931.

■ We are aware of the admonitions laid upon us by a great number of decided cases which hold in effect that, in contempt proceedings for the enforcement of a decree, the meaning of that decree will not be expanded by implication or inference beyond the fair meaning of what was intended to be prohibited in the light of the issues. Such a rule was laid down by the Supreme Court in the leading case of Terminal Railway Association v. United States, 266 U.S. 17, 45 S.Ct. 5, 69 L.Ed. 150, and has been strictly adhered to by the courts of the United States. In our view, if there be any additional questions of unfair competition presented by the facts referred to in the appellee's petition and the affidavits of the parties, they are resolved by the terms of the consent decree and the perpetual injunction. Whatever *might have* been our decision upon the facts presented here, had the decree of December

8, 1931, and the perpetual injunction been otherwise phrased, we are none the less bound by the plain intendment of those decrees.

■ In our opinion, the word "Comptometry" is a natural derivative of the coined word "Comptometer," registered as its trade-mark for its machines by the appellant Felt & Tarrant Manufacturing Company, and that the word "Comptometry" means, and must mean, the method, business, or science of operating a "Comptometer." To hold otherwise would, in our judgment, be the equivalent of holding that the word "Comptometer," despite its protecting trade-mark in use in an admittedly existing business, had in some wise been dedicated to the public. In our opinion, the prohibition put upon the appellants from the use of the phrase "School of Comptometry" as the title used to advertise the commercial division of their school was meant to apply to the advertisement of instruction in comptometry by any means, and therefore that prohibition by fair intendment and by necessary implication extends to the advertisement by sign and catalogue, such as in the case at bar, of instruction in comptometry. The very letter of the decree prohibits the appellants from holding themselves out to the public as conducting a school of "Comptometry." To advertise instruction in "Comptometry" is to advertise a school of "Comptometry."

■■ The appellants were bound to obey the injunction of the District Court and, if they proceeded to violate it, they were acting at their peril. Rodgers v. Pitt et al. (C.C.) 89 F. 424, 425, 430. See 2 High on Injunctions 1416. That the appellants may have deemed that they were in nowise violating the injunction and were acting in good faith may be taken into consideration in mitigation of their offense. In this connection we note that the appellees have already waived all claim for compensatory damages. But the legal fact remains, the belief, motive, or intent of the appellants do not excuse them. Thompson v. Railroad Co., 48 N.J.Eq. 105, 108, 21 A. 182; 7 Am. & Eng.Enc.Law (2d Ed.) 76, and authorities there cited. The appellants have violated the injunction put upon them both in letter and in spirit. Such conclusion is inevitable.

The order of the court below is affirmed.

DICKINSON, District Judge (dissenting).

I am unable to concur in the majority opinion because it gives to the plaintiffs-appellees more than all to which they have a right in law or equity. The bill filed by the plaintiffs in the court below voices the complaint of unfair competition.

The appellees are manufacturers of calculating machines for sale. Their make of machines is marketed under the trade-name of comptometer. This trade-mark was registered in the United States Patent Office (Registration No. 45,067) in 1905 and renewed in 1925. The appellees have likewise been engaged in what is called in their bill "the business of establishing and controlling schools exclusively devoted to the training and teaching of operators of its calculating machines." More than a hundred of such schools have been established in this country and over half as many abroad. We assume that what is meant is that the appellees conduct these schools as in their paper book they charge the appellants with conducting a school under the name of "School of Comptometry" and "with the operation of their school in the same building as that of the plaintiffs' school which was called 'Comptometer School'." The head and front of the offending charged to the appellants is that they conducted a school which they called a "School of Comptometry" and by exhibited signs advertised to therein teach the operation of adding machines.

The real fact situation has not been developed because the defendants upon the filing of the bill threw up their hands and submitted themselves to the very sweeping decree quoted in the majority opinion. Whether any court, under the fact situation stated to exist, would have entered such a decree, or indeed any decree in favor of the complainants, is beside the mark, because the appellants consented to the decree as entered, and we are quite in accord with the ruling of this court that, the injunction having issued, the appellants were bound to obey it.

This dissent is based upon a wholly different ground. There is this to be said in possible explanation of the submission of the appellants. Bills of this kind are filed by plaintiffs who are seeking to establish a well-paying monopoly. They can afford the luxury of litigation. To many of those made defendants the subject of controversy is of small importance. The promise of profits is too small to stand the expense of litigation. More than this, one of the great vices of our system of administering legal justice is its inordinate expense. Some litigants cannot afford to incur the cost of defending their rights. Counsel may well advise them in accordance with the adage that the "light is not worth the candle." If, when they have submitted to a decree, they are bound by it, as they admittedly are, the complainant, by the same token, is likewise bound. The latter gets all that the decree awards him but surely no more. The decree entered is as drastic as counsel knew how to make it, but it is far short of what the appellees now seek to make it. It is idle now to discuss what the rights of the plaintiffs in the bill are beyond the statement that they are what the decree declares them to be.

The appellants do not appear to have patented their make of adding machine, but they have an undoubted right to protect their trade by an injunction against the imposition of any other make upon the purchasing public as their make. They have registered the word "Comptometer" as the trade-mark of their make of machine and, as it has been decreed that this is a valid trade-mark, the appellees have, as against the appellants, the exclusive right to its use. There is, however, no averment, much less any proof, that the appellees have trespassed upon either of these rights. The latter neither make nor sell any machines, and since the decree was entered have ceased to use the word "Comptometer" or "Comptometry" as part of the name of the school they conduct. The truth is that both words are part of the common speech of the American people and indeed of the whole English speaking world. It is claimed that the word "Comptometer" is a proprietary word, but there is no pretense that the word "Comptometry" is not a word of our language. One has only to read paragraphs 2 and 3 of appellees' brief under heading "Abstract of Pleadings," at page 1-a, to appreciate how hollow is the claim that the appellees have been guilty of any violation of the decree of the court. Appellants have the right to teach any art or science which will aid men and women in their daily avocations. The only inhibition we can call to mind is that in some localities the Darwinian theory may not be taught. Those interested to learn have the right to be

282

taught the art of operating an adding machine and they do not lose it by the art being given the high-sounding title of comptometry. Only a reading of this record would induce any one to believe that the appellants are to be subjected to the pains and penalties of a contempt of court merely by announcing that the proprietors of a school would, among other things, teach comptometry. It might as well be said that they would be liable to this punishment for announcing that pupils would be taught how to operate an adding machine, for this is what and all they did announce.

The decree entered in this case, as interpreted by appellees, gives them, as against the appellants, the following rights: (1) a monopoly of the right to manufacture calculating machines to be called comptometers; (2) a monopoly of the right to market and sell calculating machines of any make under the name of comptometers; (3) a monopoly of the right to conduct a school under the name of "Comptometer School" or "School of Comptometry;" (4) a monopoly of the right to conduct any school under any name in which the art of operating comptometers is announced to be taught.

The law, except for the decree entered, awards them no such rights. Nevertheless the appellants have acquiesced in the exercise of all these rights except the one last mentioned. They abandoned the school which they had been conducting in the same building in which the appellees were conducting a school. They withheld the use of the words "Comptometer" and "Comptometry" from the name or title of the school they conducted. They neither make nor sell calculating machines of any make. The decree appealed from subjects them to the pains and penalties of an adjudged contempt, because by advertising signs they have announced that they teach the art of operating such machines. Apparently the distinction is made that, although they may teach the art of operating these machines, they must not refer to the art as the art of comptometry. This dissent is based upon the proposition that this distinction is unsound.

We are not unmindful that it has been ruled that a manufacturer of cameras may protect the sale of his make under the proprietary name of "kodac," and that a pharmacist may protect the sale of his output in a special form designated by the proprietary word "tablet." Beyond this, however, the right has not been held to extend.

The decree of the District Court should be reversed.